UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-60498

DIANA E. BELTRAN CORONEL,

    Plaintiff,

vs.

LENIN & DAUGHTER HOME SERVICES, INC.,
ANAELY T. ADVINCULA and
ILEANA ALVAREZ,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Diana E. Beltran Coronel, sues Defendants, Lenin & Daughter Home Services, Inc., Anaely T. Advincula and Ileana Alvarez, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Diana E. Beltran Coronel**, was and is a *sui juris* resident of Broward County, Florida, at all times material.

2.     Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendants.

4.     Plaintiff consents to participate in this lawsuit

5.     **Defendant, Lenin & Daughter Home Services, Inc. ("LDHS")**, is a *sui juris* Florida for-profit corporation with its principal place of business and registered agent in this District and it conducts its for-profit business in this District.

1

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

6. **Defendant, Anaely T. Advincula,** was and is an owner / officer / director of the corporate Defendant for the relevant time period. She ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

7. **Defendant, Ileana Alvarez,** was and is an owner / officer / director of the corporate Defendant for the relevant time period. She ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

8. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

9. All Defendants employed Plaintiff.

10. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related state law claims.

11. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in this District, where payment was to be received.

12. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

13. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S) (AGAINST ALL DEFENDANTS)

Plaintiff, Diana E. Beltran Coronel, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

14. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15. Defendants have been at all times material engaged in interstate commerce in the course of their provision of attendant care and services for others which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

16. Defendants also communicate with their workers by regularly and routinely using telephones, Internet, and/or facsimiles.

17. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical payors and/or the United States government.

18. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000 for each relevant fiscal quarter.

19. In particular, Defendants own and operate an agency that provides therapy to patients at their home using computers, software, phones, computer networking equipment, toner, printers, pens, paper, supplies, furniture, phone systems, and other materials and supplies

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

20. Plaintiff worked in a non-exempt capacity for Defendants.

21. In particular, Plaintiff worked for Defendants as a behavioral therapist from approximately December 2016 to August 28, 2018.

22. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times that she worked each day, such records are in the exclusive custody of Defendants.

23. Defendants agreed to pay Plaintiff at the rate of $13.00 per hour until they raised her to $23.00 per hour in April of 2017.

24. Defendants required that Plaintiff drive to perform work at the homes of two patients, to drive between their homes for approximately 15 minutes per day, and also required her to work additional hours each night doing paperwork.

25. Defendants failed and refused to pay Plaintiff *at all* for the hours that she worked from approximately March 16, 2018 to August 28, 2019.

26. Defendants willfully and intentionally refused to pay Plaintiff at least a minimum wage of $7.25/hour for each of the hours she worked.

27. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours worked violated the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendants were not required to pay her at least a minimum wage for all hours worked, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

28. Plaintiff is entitled to a backpay award of at least the applicable minimum wage

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

for all hours worked from approximately, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Diana E. Beltran Coronel, demands the entry of a judgment in her favor and against Defendants, Lenin & Daughter Home Services, Inc., Anaely T. Advincula and Ileana Alvarez, jointly and severally, and after trial by jury and as follows:

    a.    That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b.    That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recover all interest allowed by law;

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## COUNT II – FLSA OVERTIME VIOLATION(S)
## (AGAINST ALL DEFENDANTS)

Plaintiff, Diana E. Beltran Coronel, reincorporates and re-alleges paragraphs 1 through 13 as though set forth fully herein and further alleges as follows:

29. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

30. Defendants have been at all times material engaged in interstate commerce in the course of their provision of attendant care and services for others which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

31. Defendants also communicate with their workers by regularly and routinely using telephones, Internet, and/or facsimiles.

32. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical payors and/or the United States government.

33. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000 for each relevant fiscal quarter.

34. In particular, Defendants own and operate an agency that provides therapy to patients at their home using computers, software, phones, computer networking equipment, toner, printers, pens, paper, supplies, furniture, phone systems, and other materials and supplies

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

35. Plaintiff worked in a non-exempt capacity for Defendants.

36. In particular, Plaintiff worked for Defendants as a behavioral therapist from approximately December 2016 to August 28, 2018.

37. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times that she worked each day, such records are in the exclusive custody of Defendants.

38. Defendants agreed to pay Plaintiff at the rate of $13.00 per hour until they raised her to $23.00 per hour in April of 2017.

39. Defendants required that Plaintiff drive to perform work at the homes of two patients, to drive between their homes for approximately 15 minutes per day, and also required her to work additional hours each night doing paperwork.

40. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

41. Defendants knew or reasonably should have known that Plaintiff worked more than 40 hours during the time she worked for them as a result of their tracking the hours she worked and then paying her at his regular rate of pay for all documented hours worked beyond 40 in a workweek (except for the days worked she was not paid) and by not paying her *at all* for the additional time that she spent traveling in between clients and preparing the documentation but which time she did not document based on the instructions she received from Defendants.

42. Defendants failed and refused to pay Plaintiff at the rate of time and one-half times her regular rate of pay for all hours worked over 40 hours in a workweek.

43. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Diana E. Beltran Coronel, demands the entry of a judgment in her favor and against Defendants, Lenin & Daughter Home Services, Inc., Anaely T. Advincula and Ileana Alvarez, jointly and severally, and after trial by jury and as follows:

    a.    That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b.    That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recover all interest allowed by law;

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## COUNT III – BREACH OF CONTRACT
## (AGAINST LENIN & DAUGHTERS HOME SERVICES, INC.)

Plaintiff, Diana E. Beltran Coronel, reincorporates and re-alleges paragraphs 1 through 13 as though set forth fully herein and further alleges as follows:

44. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that She worked and earned, but did not receive.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

45. Plaintiff and Defendant, LDHS, verbally agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate her at the rates of $23.00 per hour, which amount(s) would be pro-rated for each portion of an hour worked.

46. Plaintiff performed under the parties' contract/agreement by performing work for Defendant, LDHS, as aforesaid.

47. Defendant, LDHS failed and refused to perform its obligation(s) to pay Plaintiff the agreed-upon rates for the hours that she worked from approximately March 16, 2018 to August 28, 2019, thereby breaching the Contract.

48. Plaintiff has been damaged as a result of Defendant, LDHS's failure to pay her the agreed-upon amount of $23.00 per hour for each of the hours that she worked from

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884  fax 305.230.4844
*www.fairlawattorney.com*

approximately March 16, 2018 to August 28, 2019 by failing to pay her at all for these hours worked.

WHEREFORE Plaintiff, Diana E. Beltran Coronel, demands the entry of a judgment in her favor and against Defendant, Lenin & Daughter Home Services, Inc., for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### COUNT IV – UNJUST ENRICHMENT
### (AGAINST ALL DEFENDANTS)

Plaintiff, Diana E. Beltran Coronel, reincorporates and re-alleges paragraphs 1 through 21 as though set forth fully herein and further alleges as follows:

49. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that she worked and earned, but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

50. Plaintiff provided labor and services for Defendants, and they received and accepted the benefits of the labor and services supplied by Plaintiff from March 16, 2018 to August 28, 2019.

---

[2] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

51. Plaintiff expected to be paid a reasonable value for the labor and services she provided to and on behalf of Defendants.

52. When Plaintiff brought her concerns about not being paid by for her work Defendants, they assured her that if she continued working, she would be paid for time she expended working.

53. Defendants were then unjustly enriched in that they accepted the benefits of the work performed by Plaintiff, after coaxing her to continue working, but yet failed and refused to make payment to Plaintiff for such benefits.

WHEREFORE Plaintiff, Diana E. Beltran Coronel, demands the entry of a judgment in her favor and against Defendants, Lenin & Daughter Home Services, Inc., Anaely T. Advincula and Ileana Alvarez, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Diana E. Beltran Coronel, demands a trial by jury of all issues so triable.

Respectfully submitted this 6th day of March 2020.

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 7300 N. Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel: 305.230.4884
> *Counsel for Plaintiff*